IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN EDWARDS AND<br>BARBARA EDWARDS | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 4:18-CV-6 |
| | § | |
| THE TRAVELERS HOME AND MARINE<br>INSURANCE COMPANY AND<br>GREG ALLEN PAUL | §<br>§<br>§ | |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company ("Travelers"), the defendant in the above entitled and numbered cause, and timely files this its first amended original answer to the plaintiffs' original petition on file herein pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, and respectfully shows unto this Honorable Court as follows:

1.  Travelers denies the allegations in paragraph no. 1 of the plaintiffs' original petition. Specifically, Travelers alleges that discovery in this case will be subject to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and the orders of this Court.

2.  Upon information and belief, Travelers admits the allegations in paragraph no. 2 of the plaintiffs' original petition.

3.  Travelers is a Connecticut corporation with its principal place of business in the State of Connecticut and is admitted and authorized to sell insurance in the State of Texas. Otherwise, Travelers admits the allegations in paragraph no. 3 of the plaintiffs' original petition.

4. Travelers admits the allegations in paragraph no. 4 of the plaintiffs' original petition. Significantly, however, by letter dated January 2, 2018, Travelers has formally elected to accept whatever liability Paul might have to the plaintiffs for Paul's acts and omissions related to the insurance claim made the basis of this lawsuit pursuant to Section 542A.006(c) of the Texas Insurance Code and Travelers has provided written notice of such election to counsel for the plaintiffs as required by Section 542A.006(a) of the Texas Insurance Code. As such, by operation of law, all claims brought by the plaintiffs against Paul shall be dismissed with prejudice such that Paul is no longer a party to the lawsuit.

5. Travelers admits that the United States District Court for the Southern District of Texas, Houston Division, has subject matter jurisdiction of this lawsuit as alleged in paragraph no. 5 of the plaintiffs' original petition, but Travelers denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

6. Travelers admits that the United States District Court for the Southern District of Texas, Houston Division, has jurisdiction of this lawsuit as alleged in paragraph no. 6 of the plaintiffs' original petition, but Travelers denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

7. Travelers admits that the United States District Court for the Southern District of Texas, Houston Division, has jurisdiction of this lawsuit as alleged in paragraph no. 7 of the plaintiffs' original petition, but Travelers denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

8. Travelers admits venue is proper in the United States District Court for the Southern District of Texas, Houston Division, with respect to the parties and claims

made the basis of this lawsuit as alleged in paragraph no. 8 of the plaintiffs' original petition, but Travelers denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

9. Travelers admits that the plaintiffs are named insureds under insurance policy no. 986935022 633 1, effective July 24, 2016 through July 24, 2017 ("the Travelers policy"), which policy of insurance is subject to certain terms, conditions, definitions, and exclusions, as alleged in paragraph no. 9 of the plaintiffs' original petition.

10. Travelers admits it issued the Travelers policy to the plaintiffs as alleged in paragraph no. 10 of the plaintiffs' original petition, which policy of insurance is subject to certain terms, condition, definitions, and exclusions. Otherwise, Travelers denies the allegation in paragraph no. 10 of the plaintiffs' original petition and would show that the Travelers policy speaks for itself.

11. Upon information and belief, Travelers admits that the plaintiffs owned the insured premises located at 2511 East Blue Lakes Drive, Magnolia, Texas 77354.

12. Travelers denies that the property at issue in this lawsuit sustained severe damages to the roof due to the direct force of wind and hail as alleged in paragraph no. 12 of the plaintiffs' original petition. Travelers further denies the nature, scope, and extent of the damage alleged by the plaintiffs and deny that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

13. Travelers admits the plaintiffs submitted a claim to Travelers as alleged in paragraph no. 13 of the plaintiffs' original petition, but Travelers denies the nature,

scope, and extent of the damage alleged by the plaintiffs and denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

14. Travelers admits it designated the plaintiffs' insurance claim as Claim No. H1H7190 as alleged in paragraph no. 14 of the plaintiffs' original petition.

15. Travelers admits it acknowledged coverage for water damage to the interior of the property, but denies that the property was damaged by wind or hail as alleged in paragraph no. 15 of the plaintiff's original petition. Travelers further denies the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

16. Travelers denies the allegations in paragraph no. 16 of the plaintiffs' original petition and all subparts contained therein.

    a. Travelers denies the allegations in subsection (a) of paragraph no. 16 of the plaintiffs' original petition.

    b. Travelers denies the allegations in subsection (b) of paragraph no. 16 of the plaintiffs' original petition.

    c. Travelers denies the allegations in subsection (c) of paragraph no. 16 of the plaintiffs' original petition.

    d. Travelers denies the allegations in subsection (d) of paragraph no. 16 of the plaintiffs' original petition.

17. Travelers denies the allegations in paragraph no. 17 of the plaintiffs' original petition.

18. Travelers denies the allegations in paragraph no. 18 of the plaintiffs' original petition.

19. Travelers denies the allegations in paragraph no. 19 of the plaintiffs' original petition.

20. Travelers denies the allegations in paragraph no. 20 of the plaintiffs' original petition.

21. Paragraph no. 21 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 21 of the plaintiffs' original petition.

22. Travelers denies the allegations in paragraph no. 22 of the plaintiffs' original petition.

23. Travelers denies the allegations in paragraph no. 23 of the plaintiffs' original petition.

24. Travelers denies the allegations in paragraph no. 24 of the plaintiffs' original petition.

25. Paragraph no. 25 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 25 of the plaintiffs' original petition.

26. Travelers denies the allegations in paragraph no. 26 of the plaintiffs' original petition.

27. Travelers denies the allegations in paragraph no. 27 of the plaintiffs' original petition and all subparts contained therein.

  a. Travelers denies the allegations in subsection (a) of paragraph no. 27 of the plaintiffs' original petition.

  b. Travelers denies the allegations in subsection (b) of paragraph no. 27 of the plaintiffs' original petition.

  c. Travelers denies the allegations in subsection (c) of paragraph no. 27 of the plaintiffs' original petition.

  d. Travelers denies the allegations in subsection (d) of paragraph no. 27 of the plaintiffs' original petition.

28. Travelers denies the allegations in paragraph no. 28 of the plaintiffs' original petition.

29. Travelers admits Paul was assigned by Travelers to investigate the insurance claim at issue in this lawsuit as alleged in paragraph no. 29 of the plaintiffs' original petition.

30. Travelers denies the allegations in paragraph no. 30 of the plaintiffs' original petition.

31. Travelers admits Paul was assigned by Travelers to investigate the insurance claim at issue in this lawsuit as alleged in paragraph no. 31 of the plaintiffs' original petition.

32. Travelers denies the allegations in paragraph no. 32 of the plaintiffs' original petition.

33. Travelers denies the allegations in paragraph no. 33 of the plaintiffs' original petition.

34. Travelers denies the allegations in paragraph no. 34 of the plaintiffs' original petition.

35. Travelers denies the allegations in paragraph no. 35 of the plaintiffs' original petition.

36. Travelers denies the allegations in paragraph no. 36 of the plaintiffs' original petition and all subparts contained therein.

   a. Travelers denies the allegations in subsection (a) of paragraph no. 36 of the plaintiffs' original petition.

   b. Travelers denies the allegations in subsection (b) of paragraph no. 36 of the plaintiffs' original petition.

   c. Travelers denies the allegations in subsection (c) of paragraph no. 36 of the plaintiffs' original petition.

   d. Travelers denies the allegations in subsection (d) of paragraph no. 36 of the plaintiffs' original petition.

37. Travelers denies the allegations in paragraph no. 37 of the plaintiffs' original petition.

38. Paragraph no. 38 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 38 of the plaintiffs' original petition.

39. Travelers denies the allegations in paragraph no. 39 of the plaintiffs' original petition.

40. Travelers denies the allegations in paragraph no. 40 of the plaintiffs' original petition.

41. Travelers denies the allegations in paragraph no. 41 of the plaintiffs' original petition.

42. Paragraph no. 42 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 42 of the plaintiffs' original petition.

43. Travelers denies the allegations in paragraph no. 43 of the plaintiffs' original petition.

44. Travelers denies the allegations in paragraph no. 44 of the plaintiffs' original petition.

45. Paragraph no. 45 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 45 of the plaintiffs' original petition.

46. Travelers denies the allegations in paragraph no. 46 of the plaintiffs' original petition.

47. Travelers denies the allegations in paragraph no. 47 of the plaintiffs' original petition.

48. Travelers denies the allegations in paragraph no. 48 of the plaintiffs' original petition.

49. Paragraph no. 49 of the plaintiffs' original petition does not contain any allegations for which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 49 of the plaintiffs' original petition.

50. Travelers denies the allegations in paragraph no. 50 of the plaintiffs' original petition.

51. Travelers denies the allegations in paragraph no. 51 of the plaintiffs' original petition.

52. Travelers denies the allegations in paragraph no. 52 of the plaintiffs' original petition.

53. Travelers denies the allegations in paragraph no. 53 of the plaintiffs' original petition.

54. Travelers denies the allegations in paragraph no. 54 of the plaintiffs' original petition.

55. Travelers denies the allegations in paragraph no. 55 of the plaintiffs' original petition.

56. Travelers denies the allegations in paragraph no. 56 of the plaintiffs' original petition.

57. Travelers denies the allegations in paragraph no. 57 of the plaintiffs' original petition.

58. Travelers admits that the plaintiffs seek monetary relief over $100,000.00, but no more than $200,000.00, as alleged in paragraph no. 58 of the plaintiffs' original

petition, but Travelers denies that the plaintiffs are entitled to the relief requested in the plaintiffs' original petition.

59. The allegations contained in paragraph no. 59 of the plaintiffs' original petition constitute legal conclusions to which no response is necessary.

60. The allegations contained in paragraph no. 60 of the plaintiffs' original petition constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Travelers denies the plaintiffs are entitled to such written discovery and alleges discovery in this case will be subject to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and the orders of this Court.

61. The allegations contained in paragraph no. 61 of the plaintiffs' original petition constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Travelers denies the plaintiffs are entitled to such written discovery and alleges discovery in this case will be subject to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and the orders of this Court.

62. Travelers denies the plaintiffs are entitled to the relief requested in the prayer of the plaintiffs' original petition.

63. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, the defendants deny all allegations in the plaintiffs' original petition that are not specifically admitted herein.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Home and Marine Insurance Company, moves and prays the Court that upon trial hereof, the

plaintiffs recover nothing, and that the defendant go hence with its costs, and for such other and further relief to which the defendant may show itself justly entitled to receive.

    Respectfully submitted,

    ORGAIN BELL & TUCKER, LLP
    P O Box 1751
    Beaumont, TX 77704-1751
    (409) 838-6412
    (409) 838-6959 facsimile

    /s/ Greg C. Wilkins
    Greg C. Wilkins
    State Bar No. 00797669
    Southern District Bar No. 33280
    gcw@obt.com
    Warren B. Wise
    State Bar No. 24075299
    Southern District Bar No. 1129798
    wwise@obt.com

    ATTORNEYS FOR DEFENDANT,
    THE TRAVELERS HOME AND
    MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on the 2nd day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

    /s/ Greg C. Wilkins
    Greg C. Wilkins